■ SIMON KLEIN, Appellant, v. ELEANOR BRUSSEL, as Sole Surviving Executrix of GEORGE BRUSSEL, JR., Deceased, Respondent.—Judgment dismissing the complaint, unanimously reversed, on the law and on the facts, without costs or disbursements to either party, and an accounting directed. Plaintiff and decedent were attorneys who had worked together prior to January 6, 1958 in representation of Great Sweet Grass Oils, Ltd. On that date they signed a memorandum allocating fees for past services. The concluding sentence of the memorandum ("None of the arrangements comprehended by this memorandum are to constitute a precedent for division of fees in the future") contemplated the possibility of future services for Sweet Grass in association; and the testimony of an officer of Sweet Grass indicates an acknowledgment by decedent that plaintiff had rendered services after January 6, 1958 for which decedent was to "take care of" plaintiff. Evidently there was no agreement between the two lawyers for a division of fees for services performed for Sweet Grass subsequent to January 6, 1958, but if in fact they continued to co-operate in such services, as the foregoing intimates it is proper that decedent's estate account to plaintiff for an equitable share of the fees Sweet Grass paid decedent or his executrix therefor. Accordingly, plaintiff should be permitted to prove his con-

tribution to the services. It cannot be said on the present record that CPLR 4519 must necessarily bar such proof. We may add that in our opinion plaintiff is entitled to the balance of $2,055.89 due under the January 6, 1958 memorandum; that it was waived seems questionable and in any event inadvertent. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin and Steuer, JJ.